Judge Mills
delivered the Opinion of the Court.
Neave, the complainant, executed to the defendant Holman, a note simply stipulating the payment of sixty-five dollars, dated March 15, 1828. Holman assigned this note to his co-defendant, Turner, who brought an action at law, and recovered a judgment for the sum of $65. To be relieved against this judgment, Neave filed this bill, alleging that the note was given to secure the price of a horse, which was sold to him by Holman for $65, in paper of the Bank of the Commonwealth of Kentucky, at its nominal value; but that the note by mistake was written for $65, without expressing on its face to be payable in notes on the Bank of the Commonwealth, which were at the time the note fell due, worth half their nominal value in silver.
Holman, the payee and assignor answered, admiting that the note was given for the price of a horse, and that it was the understanding of Neave, that he was to discharge it in paper on the Bank of the Commonwealth, at its nominal value, and in answer to interrogations contained in the answer of his co-defendant Turner, denies that he sold and assigned the note to him for a specie debt. He, however, insists that there was no mistake in writing the note.
Turnera’s answer, relying on tas ljond-
Decree of the circuit court,
Answerofone he^the^s-signor, is not evidence a-as-*" signee.
Evidence to the writing held insufficiont-
Turner, the assignee, answers, denying- that the note was given for a horse, or that there was any mistake in drawing it, to his knowledge and insists that he bought the note as a specie debt, and makes his answer a cross bill against Holman, and requires a decree against him, if there was any mistake in the note, so that he could not collect the amount in specie, He relies on the note itself as conclusive evidence of the contract.
The court below gave relief to Neave against the judgment, for one half the amount, that being the value of paper on the Bank of the Commonwealth when the note fell due, and then gave a decree in favor of Turner, against Holman, for the part of the judgment which was enjoined. To reverse this decree the defendants below have prosecuted this writ of error.
We cannot concur with the court below in the relief granted against Turner. He put the onus probandi on the complainant. The evidence against him is the admission of Holman’s answer, and some depositions proving the admissions of Holman since the assignment of the note, and indeed since the commencement of this suit, except one deposition which will he hereafter noticed.
It has been so frequently decided by this court, that the answer of one defendant is not evidence for or against another, and that in the case of an assign- or and assignee being joint, defendants, that it is now unnecessary to make a parade of authority by citing the cases. Therefore the answer of Holman cannot be used against Turner.
If his answer cannot be used, it follows clearly, that admissions made by him after the note was assigned, are inadmissible also. His deposition, if he was competent, has not been taken.
The only remaining evidence against him is. the deposition of one witness who deposes that Neave and Holman came to his tan-yard and applied for a pen and ink to write a note; but there was no pen and ink there. That the parties then informed the witness that Holman had sold to Neave a horse, for *412 $65, in paper of the Bank of the Commonwealth, payable in two instalments, and that they wished to prepare a note for the amount. But not obtaining a pen and ink they concluded they would enter into writings some other time. But no one deposes that this note was given for the same demand. And although it is for the same sum, yet there is no other correspondence, in date, instalments, or times of payment, to warrant the inferrence that the note was wrongfully written for the same demand. To establish a mistake in a written instrument of equal dignity with this, the proof clearly lies on the party complaining, to make the mistake appear, otherwise the writing will be held conclusive evidence of the contract. If it be granted that this note was given for the same demand, yet parties on reducing it to writing by changing the times of payment, might have converted it into a specie contract, as it now' appears on its face, and so it must be taken to he as to Turner, until the contrary is made out by satisfactory evidence, it follows, therefore, that the relief given against Turner is erroneous.
Where in a bill by obligor, against assignor and assignee, who had recovered a judgment, for injunction, on the ground of mistake in the bond being written for money and not paper, the obligee confesses, but assignee denies, and the proof is insufficient, there shall be no injunction but a decree for obligor against obligee for the ex-chango at the date payable, with interest.
*412 It may be said as Turner has gotten a decree against Holman for all he lost in his controversy with Neave, he cannot complain. To this it may be answered, that he is entitled both to his damages and costs against Neave, which are more than he has recovered of Holman. Besides, as Neave is bound to him, he is not bound to exchange that liability, which may he good, for the responsibility of Holman, which may not be so certain.
This responsibility of Holman, Neave must take. For it follows, that as he cannot have relief against Turner, he is entitled to it against Holman. Holman cannot, after the admission he has made, both in his answer and out of it, shield himself under the writing, as conclusive in his favor. However conclusive it might he, he has waived its force by the admission in his answer, and it was competent for him to do so. It is true, he denies there was a mistake; but yet admits the debt was payable in Commonwealth’s Bank paper. If there was no mistake, the note must, therefore, be as it is, from a *413 cause worse than a mistake. If a party intends to avail himself of conclusive evidence, he must rely on it, and not admit that it is not true. He has, therefore, done the wrong in this instance, by passing away the note as a specie demand, when he knew it was not so, and the testimony is clear, that he passed the note to Turner as a specie debt. He exchanged this note in discharge of other notes due by himself, confessedly due in specie, and executed before the Bank of the Commonwealth had existence. He is therefore bound to refund to Neave all he may lose in the controversy with Turner, beyond what he was really bound to pay, which is one half of sixty-five dollars, with interest from the date when the note became due.
Turner, for plaintiffs; J. S. Smith, for defendant.
The decree is reversed with costs, and the cause is remanded to the court below, with directions to dismiss the bill with costs and damages as to Turner, and to render a decree against Neave for half the original debt, with its interest and the costs and damages recovered by Turner, with costs.